**United States District Court**
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

FILED
DISTRICT COURT OF GUAM
DEC 14 2004
MARY L. M. MORAN
CLERK OF COURT

Date: 12/10/2004

RE: Ming v. Ashcroft
DOCKET NO. 04-CV-9329 (MAB)

Dear Sir/Madam,

Pursuant to an Order of this Court, the above entitled action is transferred to your District. The papers enclosed herewith constitute the entire file in this action. A certified copy of the Order of Transfer is included in lieu of the original which is retained in our files.

The enclosed copy of this letter is for your convenience in acknowledging receipt of the file.

Yours truly,
J. Michael McMahon,

by: _____
Deputy Clerk

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
DEPUTY CLERK

Federal Express # 8408 3967 4522
8314 8054 2857

RECEIVED
DEC 14 2004
DISTRICT COURT OF GUAM
HAGATNA, GUAM

**RECEIPT IS ACKNOWLEGED OF THE DOCUMENTS DESCRIBED HEREIN AND ASSIGNED CASE NUMBER:**

CV 04-00050 _____ ON DATE: DEC 14 2004

CASE TRANSFERRED OUT FORM

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X
ZHANG Xue Ming 29 783 414                  Civil Action No. 04-

               Petitioner,

   -against-

John ASHCROFT,
Attorney General, United States

Mary Ann GANTNER,
District Director,
U.S. Citizenship and Immigration Services

Tom RIDGE,
Secretary, Department of Homeland Security,
               Respondent.
-------------------------------------------X

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
      DEPUTY CLERK

## PETITION FOR WRIT OF HABEAS CORPUS: DHS REFUSES TO ISSUE PROOF OF LAWFUL PERMANENT RESIDENCE STATUS

1.     Petitioner hereby petitions this Court under 28 U.S.C. § 2241, *et seq.*, to issue a Writ of Habeas Corpus ordering the immediate release from detention of on the ground that he has been accorded withholding of removal both pursuant to the Convention Against Torture, and under Immigration and Nationality Act ("INA") section 241(b)(3), and has moreover made numerous requests for evidence of his lawful permanent residence ("green card") status, to no avail.

## JURISDICTION

2.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2241 (habeas corpus); 28 U.S.C. § 1331 (federal question jurisdiction); 28 USC sec. 1361 (mandamus); the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*; and F.R.C.P. Rule 81 *et seq.*

3. Petitioner is detained by the INS District Director, Hawaii District, but is physically housed in Guam.

## PARTIES

4.     Petitioner is a native and citizen of PR China and a lawful permanent resident of the United States, through a grant of suspension of deportation on 11/21/2000, by order of an immigration judge.

5.     Respondent, John ASHCROFT, is the duly appointed, qualified, and confirmed Attorney General of the United States, and as such is the official charged with the enforcement of the laws of the United States. Respondent, Mary Ann GANTNER, is the duly appointed, qualified, and confirmed District Director of the Bureau of Citizenship and Immigration Services ("BCIS"), and as such is the official charged with responsibility of the administration and enforcement of all the functions, powers and duties of the BCIS. Respondent Tom RIDGE, is the duly appointed, qualified, and confirmed Secretary of the Department of Homeland Security, and as such is the official charged with the responsibility of the administration and enforcement of all the functions, powers and duties of the DHS, including providing evidence of his lawful permanent residence status (both a stamp in the passport and physical "green card.").

6.     Petitioner was granted suspension of deportation, which is equivalent to lawful permanent residence status.

7.     Petitioner has never received either a stamp in his passport, or the physical green card.

### Counsel's filings requesting a passport stamp

8. Counsel for Petitioner has written to Mr. McElroy, District Director, New York District, several times. Petitioner has himself gone to 26 Federal Plaza to inquire, recently via use of 'INFOPASS' only to learn that they did not have the file.

9. No one is able to locate Petitioner's immigration file in response to his requests for a passport stamp and/or a physical green card.

## IRREPARABLE HARM

10. Petitioner's lack of evidence of his lawful permanent residence status prevents him from being able to prove he is legal in the United States.

WHEREFORE, YOUR PETITIONERS PRAY THIS HONORABLE COURT:

That the court issue the following order:

I. That a Writ of Habeas corpus shall be issued, directed to respondent, requiring him to find the file and issue proof of lawful permanent residence status;

II. Granting any other and further relief that this Honorable Court may deem fit and proper.

Dated: New York, New York
November 22, 2004

Theodore N. Cox (2549)
Attorney for Petitioner
401 Broadway, Suite 701
New York, NY 10013
(212) 925-1208

# AFFIRMATION OF SERVICE

THEODORE N. COX, being an attorney duly admitted to the practice of law in the States of New York and in the courts of the United States does hereby affirm under penalties of perjury and pursuant to New York CPLR 2106 that the following is true:

On November 22, 2004, I placed a true copy of the attached Petition for a Writ of Habeas Corpus and accompanying exhibits in a secure envelope and mailed the same via Federal Express overnight mail, postage pre-paid, to:

> U.S. Attorney's Office
> Southern District of New York
> 86 Chambers Street
> New York, NY 10007

On November 22, 2004, I placed a true copy of the attached Petition for a Writ of Habeas Corpus and accompanying exhibits in a secure envelope and mailed the same via U.S. Postal Service, postage pre-paid to:

> John Ashcroft, Attorney General of the United States
> United States Department of Justice
> 10th St. & Constitution Avenue, NW
> Washington, D.C. 20530
>
> Tom Ridge, Secretary
> Department of Homeland Security
> Nebraska Avenue Center, NW
> Washington, D.C. 20508
>
> Mary Ann Gantner, District Director,
> U.S. Citizenship and Immigration Services
> New York City District Office
> 26 Federal Plaza
> New York City, NY 10278

Dated: New York, New York
November 22, 2004

THEODORE N. COX, ESQ.
401 Broadway, Suite 701
New York, NY 10013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ZHANG XUE MING,

        Petitioner,

    -against-

JOHN ASHCROFT, Attorney General,
United States,

MARY ANN GANTNER, District Director,
U.S. Citizenship and Immigration
Services,

TOM RIDGE, Secretary, Department of
Homeland Security,

        Respondents.
------------------------------------X

04 Civ. 9339 (DAB)
TRANSFER ORDER

A TRUE COPY
J. MICHAEL McMAHON, CLERK

BY _____
    DEPUTY CLERK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/1/04

DEBORAH A. BATTS, United States District Judge.

Petitioner, currently incarcerated in Guam, brings this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. For the following reasons, this petition is hereby transferred to the United States District Court for the District of Guam.

It is well-settled that in order to entertain a *habeas corpus* petition under § 2241, a court must have jurisdiction over the custodian of the petitioner. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seeks relief, but upon his or her custodian). The proper respondent in a *habeas* challenge is the warden of the facility where the prisoner

is being held. Rumsfeld v. Padilla, ___ U.S. ___, 124 S. Ct. 2711 (2004); Guerrero-Musla v. Reno, No. 98 Civ. 2779 (HB), 1998 WL 273038 at *1-2 (S.D.N.Y. May 28, 1998); Carvajales-Cepeda v. Meissner, 966 F. Supp. 207, 208 (S.D.N.Y. 1997); Eltayeb v. Ingham, 950 F. Supp. 95, 99 (S.D.N.Y. 1997). Petitioner is currently incarcerated in Guam, and his custodian therefore is the Warden of that facility. Furthermore, any challenge to respondents' custody over petitioner does not appear to have any significant nexus to the Southern District of New York. Thus, the proper venue for this § 2241 petition while movant is incarcerated in Guam lies in the District of Guam where that facility is located. See 28 U.S.C. § 127(c).

The Clerk of this Court shall file and docket the petition without payment of fees, but without determining whether petitioner should be permitted to proceed further without payment of fees, such decision being reserved for the transferee Court. The Clerk is directed to transfer this case to the United States District Court for the District of Guam. That provision of Rule 83.1 of the Local Rules of the Southern District of New York which requires a five-day delay is waived.

SO ORDERED.

Dated: December 1, 2004
New York, New York

*Deborah A. Batts*
DEBORAH A. BATTS
United States District Judge